CLARK vs. CONDIT.

A executes to B a note for the purchase of a tract of land on which C has a mortgage. The note is to be paid by instalments, to meet the instalments on the mortgage. A fails to pay B, by which B is prevented from paying the mortgage. This is foreclosed, and A becomes the purchaser of the land under the mortgage. Held, That A, by his own fault, caused the failure to pay the mortgage, and cannot set up this as a defence to the note.

APPEAL from St. Louis Circuit Court.

MUNFORD, *for Appellant.*

HILL, *for Appellee.*

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by Condit against Clark on a note payable by instalments for the sum of $377. S. Wright had conveyed to Condit a quarter section of land on which there was a mortgage to Wright executed by Condit for the sum of $375. Condit afterwards sold one-half of the quarter section, for $400, to Clark, who executed the note sued on for the part payment thereof, which contained a stipulation that the instalments, as they became due thereon, should be paid by Clark to Wright—the instalments of the note and those of the mortgage being made payable concurrently in point of time. Clark neglected to make the payments as stipulated, the consequence of which was, that the mortgage was forfeited and suit was brought to foreclose the equity of redemption of Condit in the whole quarter section. There was a decree of foreclosure, and a sale, at which Clark became the purchaser of the whole quarter section, for the sum of $530.

The defence of Clark to the note was a failure of consideration.— There was a judgment for the plaintiff, Condit.

*Nemo ex proprio dolo consequitur actionem*, is a maxim of our law.— Though Clark stands in the attitude of a defendant, yet the spirit of this rule deprives him of the defence he would set up. By his failure to comply with his contract, which was a breach of faith, he has produced the difficulty of which he complains.

We are not prepared to say that there is a failure of the consideration of the note. Clark agreed to give $400 for the half of the quarter section, and has now, by a failure to comply with his contract, obtained the whole of it for $530. We see no principle of morality or justice on which his defence can be sustained. The small excess of the sum of the mortgage over that of the note executed by Clark, and on which this suit is brought, does not, in our opinion, affect the question between the parties.

Judge McBRIDE concurring, the judgment will be affirmed.